S. H. Miller, Adm'r, v. M. R. Buchanan.

NASHVILLE,....................DECEMBER TERM, 1873.

S. H. MILLER, Adm'r, v. M. R. BUCHANAN.

SALE OF LAND. *Redemption. Debtor. Purchaser. Rents.* Where
land has been sold, subject to redemption, and the debtor
allowed by the purchaser to remain in possession under an
agreement to pay rents, the same may be recovered if the
debtor fails to redeem.

Cases cited and discussed: Kannon *v.* Pillow, 7 Hum., 281, 293;
O'Donnell *v.* McMurdie, 6 Hum., 134.

Code cited: § 2135.

Statute cited: Act of 1849-50, ch. 121

FROM RUTHERFORD.

Appeal from the Circuit Court. W. H. WILLIAM-
SON, Judge.

PALMER & RICHARDSON and E. D. HANCOCK for
Miller.

H. P. KEEBLE for Buchanan.

McFARLAND, J., delivered the opinion of the
Court.

Buchanan's land was sold, subject to redemption,
by a trustee, under a deed of trust, on the 27th of
October, 1868, and was purchased by S. H. Miller
and Benjamin Baty. Buchanan was, at the time, in
possession, and so remained until after the expiration

of the time for redemption. The purchase-money was not all paid at the time, and the trustee did not make a deed to the purchaser until the 25th of July, 1871. The land was not redeemed.

This action was brought by the purchaser to recover $500, which it is alleged was due by special contract, made about the latter part of the year 1869, between one of the purchasers and Buchanan, by which the latter agreed to pay this sum for the use or rent of the land for the year 1870. There was conflict in the proof, as to whether, in fact, this agreement was made, but the charge of the Circuit Judge was conclusive of the case, and rendered the determination of this question of fact unnecessary. He told the jury that "if the purchaser fails to take a deed, and waits until the time of redemption has expired, he has no right to demand possession in the time intervening between the date of the sale and the termination of the two years for redemption, and a contract for rent in such case is without consideration."

The question for our determination is the correctness of this charge. Previous to the Act of 1849–50, chapter 121, we understand the law to have been, that if the purchaser went into possession with a deed and held during the two years allowed for redemption, the right of the debtor was simply to redeem by buying the debt and interest, and upon doing this he acquired no right to hold the purchaser liable for rents during the two years he had been in possession. The law regarded the purchaser as having

been the absolute owner during the two years. This was so hel᠊ ᠊he case of *Kannon* v. *Pillow*, 7 Hum., 281.

In the case of· *O'Donnei* ، *McMurdie*, 6 Hum., 134, the purchaser did not take a deed, nor did he demand or obtain the possession, but the debtor was allowed ·to remain in possession, and he redeemed the land by the expiration of the two years. The action was brought by the purchaser for the rent during the two years. It was held upon these facts that the relation of landlord and tenant did not exist between the purchaser and the debtor, and that the former could not recover rents of the latter in the absence of an express agreement to pay rents. This was the state of the law when the Act of 1849–50 was passed (Code, § 2135, which enacted that " the debtor permitted to remain in possession shall not be liable for rent from the date of the sale to the time of redemption. And if the purchaser or his assignee take possession under his purchase, upon redemption by the debtor, he shall have a credit for fair rent of the premises during the time they were in the purchaser's possession."

So that under this law, if the debtor was permitted by the purchaser to remain in possession during the two years, the former received the benefit of the rents, whether the land was redeemed or not. on the other hand, if the purchaser went into possession during the two years, he obtained thereby the benefit of the rents during the two years, provided

the debtor did not redeem; but if the debtor did redeem, the purchaser would have to account for the rents. The question then is, upon this state of the law, if the debtor agree to pay the purchaser rents for the land during the two years, is the agreement supported by a sufficient consideration?

It may be conceded, for the argument, that the purchaser not having taken a deed and contracted for rent, could not maintain the common law action of debt for rent in the strict technical sense. But he might maintain an action upon the contract if supported by a sufficient consideration. What right did the purchasers have which they could surrender to the debtor in consideration of his promise to pay this sum of money. They had the right to the immediate possesion, and to have a deed for the same. It is true they would take possession and receive the rents, liable in one contingency to account to the debtor for their value. In the other contingency they would receive and retain the rents absolutely. The debtor, on the other hand, if permitted to retain possession, would receive the rents in any event. If, however, he surrendered possession to the purchaser, and afterwards redeemed the land, the latter would be liable to him for the rents, and we suppose if by agreement he paid rents to the purchaser and afterwards redeemed, the same result would follow. So that if the purchasers agree not to avail themselves of their right to immediate possession, in consideration of a promise of the debtors to pay a sum agreed upon as rents, by this

agreement the purchasers estop themselves from exercising or attempting to exercise a right which they clearly had, and the debtor becomes entitled absolutely to the possession as against the purchaser, whereas without this agreement he was subject to the will of the purchaser.

If the debtor should in fact surrender possession to the purchaser and then rent from him, we think there could be no question as to his liability. And an absolute agreement to pay rents in consideration of being allowed to remain in possession must be, in effect, the same thing. The case of *Sheratts* v. *Fourtine,* reported in a note to *Kannon* v. *Pillow,* 7 Hum., 293, is relied upon by defendant's counsel. That case was long previous to the Act of 1849–50, and previous to the cases of *O'Donnell v. McMurdie,* 6 Hum., 134, and *Kannon* v. *Pillow,* 7 Hum. In the latter case Judge Turley said the Court was strongly inclined to the opinion that *Sheratts* v. *Fourtine* were improperly decided. The opinion of Judge Peck is certainly in conflict with the other cases.

We are of opinion the charge of the Circuit Judge is erroneous, and for this the judgment is remanded and a new trial awarded.